AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| William Javier Vega-Valentin | Case Number:  3:16-cr-00790-01 (CCC) |
| | USM Number:  49690-069 |
| | Francisco J. Adams-Quesada |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Three (3) of the Indictment on 1/28/2019

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2251(a) and (e) | PRODUCTION OF CHILD PORNOGRAPHY | 6/21/2015 | 3 |
| | | | |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    remaining    ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/11/2019
Date of Imposition of Judgment

S/ Carmen C. Cerezo
Signature of Judge

Carmen C. Cerezo, U.S. District Judge
Name and Title of Judge

6/11/2019
Date

AO 245B (Rev. 02/18)   Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  7

DEFENDANT:  William Javier Vega-Valentin
CASE NUMBER:  3:16-cr-00790-01 (CCC)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Three hundred and thirty-six (336) months.

☑  The court makes the following recommendations to the Bureau of Prisons:

1. The defendant be designated to FCI Seagoville, Texas.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at  _____  ☐  a.m.  ☐  p.m.  on  _____  .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on  _____  .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:   William Javier Vega-Valentin
CASE NUMBER:   3:16-cr-00790-01 (CCC)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Twenty (20) years.

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.   ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.   ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.   ☑   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.   ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
        Sheet 3A — Supervised Release

|  | Judgment—Page | 4 | of | 7 |
|---|---|---|---|---|

DEFENDANT:  William Javier Vega-Valentin
CASE NUMBER:  3:16-cr-00790-01 (CCC)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____      Date  _____

AO 245B(Rev. 02/18)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page   5   of   7

DEFENDANT:  William Javier Vega-Valentin
CASE NUMBER:  3:16-cr-00790-01 (CCC)

# SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.
2. Defendant shall not unlawfully possess controlled substances.
3. Defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.
4. Defendant shall not associate with individuals with whom he has previously traded illicit material; a family member or friend under criminal justice supervision for a sex crime; or an identified past victim, unless it is in a therapeutic setting and with the prior approval of the U.S. Probation Officer. Defendant shall not be a member of any organization that promotes sexual contact between children and adults or any type of depiction thereof.
5. Defendant shall not have personal contact with the victims and shall not engage in communication with any of the victims through mail, letters, telephone, computer, electronic devices, or third parties. The only exception is for the incidental contact in normal commercial life.
6. Defendant shall consent to the installation of systems that will enable the Probation Officer or designee to monitor and filter any internet accessing and data storage devices, owned and/or controlled by defendant. Defendant shall consent to and cooperate with unannounced examinations on any equipment owned or controlled by defendant, which may result in retrieval and copying of all data from the device and any internal or external peripherals and may involve removal of such equipment to conduct a more thorough inspection. He shall immediately notify the Probation Office upon registration for access to any website or service that allows for: communication with other users, uploading/downloading of files, posting of any material, etc. Notification shall include the site address, user name, password, pseudonyms, and logons. This includes, but is not limited to, social networks, cloud storage services, message boards, etc. Defendant shall contribute to the cost of the monitoring service based on his ability to pay.
7. Defendant shall not engage in any hobby or in any specified occupation, business, or profession bearing a reasonable direct relationship to the conduct constituting the offense of conviction. Defendant shall not work with children under the age of 18 or hold a job that gives him authority over potential victims, gives him access to vulnerable populations or places him in setting near a school or playground. Any employment must be notified in advance; the Probation Officer will assess the job placement and set employment restrictions based on the Sex Offender Management Procedures Manual. Defendant shall consent to third party disclosure to any employer or potential employer.
8. Defendant shall not reside, be in the company, date or socialize with a child or children below the ages of 18, unless previously approved by the U.S. Probation Officer and after a third-party risk has been duly signed.
9. Defendant shall cooperate in the collection of a DNA sample as directed by the Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code Section 3563(a)(9).
10. Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. Sec. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, the sex offender registration agency of any state, U.S. Territory or Indian Tribe, in which he resides, works, is a student, carries on a vacation, or in which he was convicted of a qualifying offense.
11. Defendant shall submit his person, property, house, vehicle, papers, computers (as defined in 18 U.S.C. Section 1030 (e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of release. Defendant shall warn any other residents or occupants that the premises may be subject to searches pursuant to this condition.
12. Defendant shall undergo a sex-offense-specific evaluation and/or participate in a sex offender treatment/and or mental health treatment program arranged by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to testing; such as polygraph, and/or any other testing available at the time of his release. Defendant shall waive his right of confidentiality in any records for mental health assessment and treatment and sign any necessary release form required to obtain the records, imposed because of this judgment to allow the U.S. Probation Officer to review defendant's course of treatment and progress with the treatment provider. Defendant shall be required to submit to an initial polygraph examination and subsequent maintenance testing intervals to be determined by the probation office to assist in treatment planning and case monitoring and to ensure that he is following the requirements of his supervision or treatment program. Defendant will be required to contribute to the costs of services rendered, by means of co-payment, based on his ability to pay or availability of third-party payments.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
　　　　　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___7___

DEFENDANT: William Javier Vega-Valentin
CASE NUMBER: 3:16-cr-00790-01 (CCC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $  100.00 | $ | $ | $ |

☐  The determination of restitution is deferred until _____ **.** An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| **TOTALS** | $ _____0.00_____ | $ _____0.00_____ | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the    ☐  fine    ☐  restitution.

☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 02/18)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:  William Javier Vega-Valentin
CASE NUMBER:  3:16-cr-00790-01 (CCC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __100.00__  due immediately, balance due

        ☐  not later than _____ , or
        ☐  in accordance with  ☐  C,  ☐  D,  ☐  E, or  ☐  F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.